UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILE DIVISION

| | |
|---|---|
| JUSTIN LEE WILLIAMS,<br><br>    Plaintiff,<br><br>v.<br><br>SONYA TROUTT, MICHAEL MCLERRAN, KEITH BEAN, and JACK BABBITT,<br><br>    Defendants. | Case No. 3:16-cv-02473<br><br>Chief Judge Kevin H. Sharp<br>Magistrate Judge Newbern |

To The Honorable Kevin H. Sharp:

## REPORT AND RECOMMENDATION

Pro se Plaintiff Justin Lee Williams filed this Section 1983 civil rights action on September 12, 2016. (Doc. No. 1.) Williams alleged, inter alia, that Defendants Troutt, McLerran, Bean, and Babbitt—all officers working in the Sumner County Jail—denied his right of access to the courts by preventing him from calling his attorney and providing postage for his legal mail, subjected him to undue punishment, and exposed him to threats from other inmates. (*Id*.) Williams asked the Court for a preliminary injunction against Defendants to allow him access to his attorney and to stop the alleged undue punishment. (*Id*.) Williams also sought $1.00 in nominal damages and any other available equitable relief. (*Id*.)

On November 1, 2016, Williams was transferred to a different facility where Defendants are not employed. (Doc. No. 21.) He now moves to dismiss this action as moot. (*Id*.) Defendants have no objection to this motion. (Doc. No. 22.) Because the Court can no longer grant the

primary relief Williams sought, finding the action moot is appropriate. *Calderon v. Moore*, 518 U.S. 149, 150 (1996).

Williams did not indicate under what Federal Rule of Civil Procedure he sought to dismiss his action. Because Williams seeks to dismiss his own action on grounds of mootness, and because no determination has been made on the merits of Williams's claims, the undersigned RECOMMENDS that Williams's Motion be construed as a motion for voluntary dismissal under Federal Rule of Civil Procedure 41(a)(2). The undersigned further RECOMMENDS that Williams's Motion for Voluntary Dismissal be GRANTED and this action be DISMISSED AS MOOT WITHOUT PREJUDICE. Finally, the undersigned RECOMMENDS that Williams's Motion for a Temporary Restraining Order, which is based upon the same allegations regarding his access to courts as made in his Complaint, be found MOOT.

Any party has fourteen (14) days from the receipt of this Report and Recommendation in which to file any written objections to it with the District Court. Any party opposing said objections shall have fourteen (14) days from receipt of any objections filed in which to file any responses to said objections. Fed. R. Civ. P. 72(b)(2). Failure to file specific objections within fourteen (14) days of receipt of this Report and Recommendation can constitute a waiver of further appeal of this Recommendation. *Thomas v. Arn*, 474 U.S. 140, 155 (1985); *Cowherd v. Million*, 380 F.3d 909, 912 (6th Cir. 2004) (en banc).

It is so **ORDERED**.

_____
ALISTAIR E. NEWBERN
United States Magistrate Judge